UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHATTERPLUG, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:16-cv-4056 |
| v. | )<br>) Judge John W. Darrah |
| DIGITAL INTENT, LLC, an Illinois limited-liability company; and KINDRED HEALTHCARE, INC., a Delaware corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On May 18, 2016, Plaintiff filed a twenty-nine count, ninety-six page First Amended Verified Complaint [32], alleging violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1831, *et seq.*; violations of the Illinois Trade Secrets Act, 765 ILCS § 1065/1, *et seq.*; breach of contract; and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have filed a Motion to Dismiss [62] Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendants' Motion to Dismiss [62] is denied without prejudice with leave to re-file.

**BACKGROUND**

The following is a brief summary of a profuse number of facts alleged in the First Amended Verified Complaint ("FAC"). JoyAnn Book founded ChatterPlug, Inc. ("ChatterPlug"), a company that designs and develops healthcare management technology. (FAC ¶ 30.) ChatterPlug has designed and developed, through Book, PatientConnecter™ – Post-

Acute Care ("PatientConnecter™ – PAC"), including the PatientConnecter™ – PAC Tool and PatientConnecter™ – PAC Prototype. (*Id*. at *e.g.* ¶¶ 169, 206.) PatientConnecter™ – PAC consists of an "enterprise platform and tools" available for authorized users. (*Id*. at ¶¶ 3-5, 8.) The FAC alleges that an enterprise platform is a platform that can be used at one or more locations; tools are products, applications, or apps. (*Id*.)

Digital Intent ("Digital") is a consulting firm. (*Id*. at ¶ 35.) Kindred Healthcare ("Kindred") is a healthcare company that provides, among other things, rehabilitation and physical therapy services. (*Id.* at ¶ 58.) Toward the end of 2014 or in early 2015, Kindred hired Digital Intent to assist Kindred in improving patients' rehabilitation experiences with technology. (*Id.* at ¶¶ 124, 168.) The FAC does not allege that Kindred entered into any contract for services or any confidentiality agreements with ChatterPlug or Book.

In November 2014, ChatterPlug and Digital Intent entered into a Mutual Confidentiality Agreement ("MCA"). (*Id.* ¶ 13). In December 2014, Book began working at Digital Intent, as an "Entrepreneur-In-Residence," to help with the project for which Kindred hired Digital Intent. (*Id.* ¶¶ 124, 132, 133, 158-60.) ChatterPlug alleges that in February and March 2015, it disclosed confidential information, through Book, to Digital Intent and Kindred, including preliminary portions and elements of the PatientConnecter™ – PAC Tool and PatientConnecter™ – PAC Prototype. (*Id.* ¶¶ 174-180, 185, 211, 217-18, 236-41.) After Book made these disclosures, ChatterPlug alleges that Digital Intent terminated Book. (*Id*. ¶ 254.)

In November 2015, Kindred held its annual Kindred Clinical Impact Symposium. (*Id*. ¶ 356.) During the symposium, Kindred discussed a rehabilitation patient experience "app," identified as "Maxwell," that it was developing with Digital Intent, including showing a photo or

screen shot of a user-interface screen. (*Id*. ¶ 359, Ex. K.)  The screen shot was also viewable to the public on Kindred's website.  (*Id.* Ex. K.)

On May 18, 2016, Plaintiff filed the FAC, asserting twenty-nine counts against Defendants.  (Dkt. No. 32.)  At issue in this litigation are trade secrets relating to ChatterPlug's (1) PatientConnecter™ – PAC Tool and (2) PatientConnecter™ – PAC Prototype ("Trade Secrets").  (FAC at ¶ 226.)  ChatterPlug alleges that Digital Intent and Kindred misappropriated the Trade Secrets to create Maxwell, in violation of state and federal statutes, breached contracts and violated the Lanham Act.  (*Id.* at ¶¶ 344-557.)  The following chart sets forth the twenty-nine claims alleged against Digital Intent and Kindred; Defendants seek dismissal of all counts in the FAC, except Count 25:

| **Cause of Action** | **Defendant** | **Count** |
| --- | --- | --- |
| Violations of the Illinois Trade Secrets Act | Digital Intent | 1, 5, 7, 11 |
| | Kindred | 3, 9 |
| Violations of the Federal Defend Trade Secrets Act | Digital Intent | 2, 6, 8, 12 |
| | Kindred | 4, 10 |
| Breach of Contract | Digital Intent | 13, 15, 17, 19, 21, 23, 26 |
| Breach of Oral Contract | Digital Intent | 25 |
| Tortious Interference | Kindred | 14, 16, 18, 20, 22, 24 |
| Violations of the Lanham Act Unfair Competition | Digital Intent | 27, 28 |
| | Kindred | 28, 29 |

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8 compels litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief."  This requirement of *brevity* fosters two

3

goals: it allows trial courts to speed a case to resolution, and it allows a defendant to capably respond to the allegations in the complaint. *Hardy v. Illinois Dep't of Corrections*, Case No. 3:15-cv-00437-JPG, 2015 WL 4573302, at *1 (S.D. Ill. July 29, 2015) (citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). While a minor amount of surplus material in a complaint is not enough to frustrate these goals and violate Rule 8, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations can push a complaint past Rule 8's breaking point — in other words, it can make a "complaint unintelligible" by "scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)). When faced with that type of pleading, district judges have the power to dismiss the complaint and require a redo. *Id*.

**ANALYSIS**

The FAC in this case is ninety-six pages in length (without exhibits); the Factual Background section is almost three-hundred paragraphs and nearly forty pages; the "Prayer for Relief," alone, is almost eight pages. The FAC is verbose and full of circular and repetitive allegations, making the FAC difficult to navigate. By way of example, the First Claim for Relief (Trade Secret Misappropriation by Digital Intent under the Illinois Trade Secrets Act) incorporates not only the prior paragraphs 1-343 of the FAC, but it also incorporates thirteen claims that later follow it (claims Twelve through Twenty-Four contained in paragraphs 435-472 of the Complaint). While the three-hundred paragraphs of "facts" are detailed, the five-hundred-fifty-seven paragraphs spread out in over ninety pages and an eight-page "Prayer for Relief" lose their purpose. ChatterPlug may argue that its FAC is bulky because it asserts twenty-nine claims. In evaluating the FAC, however, the FAC has the kind of length, repetition and

4

discussion of irrelevant material that makes the pleading confusing and unintelligible in violation of Rule 8.

Numerous circuits have found that this type of complaint violates Rule 8. *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("[Plaintiff's] complaint was probably dismissable for not being 'simple, concise and direct' (see Rule 8(e) of the Federal Rules of Civil Procedure). District courts should not have to read and decipher tomes disguised as pleadings."); *Lockheed-Martin Corp.*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, 519 Fed. App'x. 641, 643 (11th Cir. 2013) (eighty-two page complaint that took a "shotgun" approach to asserting claims violated Rule 8); *Rueb v. Zavaras*, 371 Fed. App'x. 982, 986 (10th Cir. 2010) (ninety-five page complaint that discussed claims linked to other individuals and often "failed to mention a specific time, place, or person involved with the alleged offenses" violated Rule 8). What is required here is an amended, streamlined pleading, narrowing the facts and issues to comport with the spirit of Rule 8 of the Federal Rules of Civil Procedure.

On a related point, despite the FAC's prolixity, the "trade secrets" associated with the PatientConnecter™ – PAC Tool or the PatientConnecter™ – PAC Prototype are not apparent. The FAC repeatedly alleges that Defendants misappropriated the PatientConnecter™ – PAC Tool and the PatientConnecter™ – PAC Prototype and that the PatientConnecter™ – PAC Tool and the PatientConnecter™ – PAC Prototype contain "preliminary" portions and elements designed and owned by Plaintiff. However, Plaintiff does not clearly allege what the PatientConnecter™ – PAC Tool and the PatientConnecter™ – PAC Prototype are. Is the Tool

5

an "app"?  Is the Prototype a model of the Tool or something else?  The answers to these questions may be easy for Plaintiff to answer, but they are not clear to the Court.

In addition, what emerges in the parties' briefing is that the monikers used by ChatterPlug in the FAC were not used during the time that Book worked at Digital Intent. (Reply at p. 13.)   This poses a problem because the FAC does not provide Defendants with the general contours of the alleged trade secrets that ChatterPlug is seeking to protect.  ChatterPlug is not required to compromise its trade secrets, but Defendants are entitled to be able to discern what trade secrets are at issue.  *See Carpenter v. Aspen Search Advisers LLC*, No. 10 C 6823, 2011 WL 1297733, at *3, *10 (N.D. Ill. Apr. 5, 2011) (finding that it was not enough to "'point to broad areas of [information] . . . and assert that something there must have been secret'" and dismissing claim for misappropriation of "business model, strategies, ideas and processes.") (quoting *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992)); *see also*, *Thermal Zone Products Corp. v. Echo Engineering, Ltd*., No. 93 C 0556, 1993 WL 358148, at *5 (N.D. Ill. Sept. 14, 1993) (finding allegations that plans and specifications for ovens were trade secrets were not sufficient to survive a motion to dismiss without allegations that the information was unique and protected); *Sit-Up Ltd. v. IAC/InterActive Corp.*, *et al.*, No. 05 Civ. 9292 (DLC), 2008 WL 463884, at *10 (S.D.N.Y. Feb. 20, 2008) ("[T]he law requires the trade secret claimant to describe the secret with sufficient specificity that its protectability can be assessed.").  As noted above, ChatterPlug's descriptions of its trade secrets do not suffice; but ChatterPlug will be allowed to re-plead its complaint against Defendants.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [62] is denied without prejudice with leave to re-file. ChatterPlug's First Amended Verified Complaint is dismissed without prejudice. ChatterPlug is granted leave to amend, if it can do so in strict compliance with the letter and spirit of Rule 8 and pursuant to Rule 11, within thirty days of this Order.

Date: 10/28/16

_____
JOHN W. DARRAH
United States District Court Judge